

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

July 13, 2018

THE GUADIAN LIFE ASSURANCE
DISABILITY CLAIMS
7 HANOVER SQUARE
NEW YORK, NY 10004

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 18-CI-03887

COURT:  Circuit Court Clerk
        Jefferson County, Division: 13
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

  (1) **Your attorney, or**
  (2) **The attorney filing this suit whose name should appear on the last page of the complaint, or**
  (3) **The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

# EXHIBIT A

| | | |
|---|---|---|
| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. **18 CI 03887**<br>Court  ☑ Circuit  ☐ District<br>County  Jefferson |

**PLAINTIFF**

SALLY CLAIR

JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)

VS.

**DEFENDANT**

THE GUADIAN         LIFE ASSURANCE     DISABLITY CLAIMS
7 HANOVER SQUARE
NY, NY 10004

RECEIVED
JUL 11 2018
SECRETARY OF STATE

**Service of Process Agent for Defendant:**
SECRETARY OF STATE

_____

_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___JUL 03 2018___                    DAVID L. NICHOLSON, CLERK

                                                                                        _____ Clerk
                                            By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:
_____
this _____ day of _____, 2_____.

Served by: _____

_____ Title

# EXHIBIT A

NO.  18CI03887

JEFFERSON CIRCUIT COURT
DIVISION
JEFFERSON CIRCUIT COURT
DIVISION THIRTEEN (13)

SALLY CLAIR )
)
v. )
                       **COMPLAINT**
)
)
THE GUARDIAN )
LIFE ASSURANCE OF AMERICA )
COMPANY OF BOSTON )
7 HANOVER SQUARE )
NEW YORK, NY 10004 )
)
SERVE: )
SECRETARY OF STATE )
700 CAPITOL AVE )
SUITE 152 )
STATE CAPITOL )
FRANKFORT KY 40601 )
)
Aka. )
)
GUARDIAN )    DEFENDANT
GROUP CLAIMS )
PO BOX 14331 )
LEXINGTON, KY 40512 )
)
SERVE: )
ANY OFFICER OR AGENT )

        \*\*\*        \*\*\*        \*\*\*

    Comes the Plaintiff, SALLY CLAIR, by counsel, and for her cause of action against Defendant states as follows:

## PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

# EXHIBIT A

1. Defendant, The Guardian Life Insurance Company of America aka. Guardian Group Claims, (hereinafter "carrier" or "Defendant" or "Guardian" ) is a corporation doing business in the Commonwealth of Kentucky.
2. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to he under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance and wage replacement benefits.
3. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

## FACTS

4. Plaintiff was a full-time employee of employer, ("employer") for a sufficient time period so as to be eligible for wage replacement coverage under the terms of an insurance contract identified as claim number R60016333
5. As a full time employee, Plaintiff was eligible for, and was participating in the short and long-term ("STD" and "LTD" respectfully) disability plan ("plan") offered by employer. The Plan was administered by Guardian and at all relevant times Guardian remained the so called "plan administrator".
6. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
7. Plaintiff applied for and was approved for STD benefits, Defendant then, for reasons that are violative of ERISA, changed its position and denied STD. The denial of the STD is a de facto denial of the LTD thus negating the need for further administrative process.
8. Guardian's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.
9. Guardian 's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of her disability.

# EXHIBIT A

Guardian refused to consider all of the Plaintiff's medical ailments and combined effect on her to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

10. Guardian's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

11. Guardian is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

12. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

13. Defendant Guardian's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

14. At all relevant times Guardian was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

15. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

16. Even though it does not comprise the administrative record Defendant cannot ignore the finding of SSA without adequate explanation in its decision and thusly in violation of sixth circuit jurisprudence. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

17. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
### DENIAL IS IN VIOLATION OF ERISA STATUTE

# EXHIBIT A

18. Pursuant to the ERISA statute Plaintiff is entitled to short and long-term disability benefits under the Plan.
19. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the Guardian of the Plan under the dictates of the ERISA statute.
20. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the Guardian of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:
1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
1. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;
2. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights as well as her ERISA rights;
3. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;
4. For her attorney fees and costs expended herein;
5. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206

**EXHIBIT A**

Co-Counsel for Plaintiff
502-587-0228

# EXHIBIT A

**Kentucky** UNBRIDLED SPIRIT

**ALISON LUNDERGAN GRIMES**
**SECRETARY OF STATE**
P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ *REGISTER TO VOTE*

FROM:
CARR: United States Postal Service
TRK#: 70180680000776445449
RCVD: 7/18/2018    1158
TO: Perez, Mabel
PH: 212-598-1299
BDG: HOME OFFIC
RM:
PCS: 1

RTE: **2**
MSC: **H-23-D**
**Perez, Mabel**

THE GUADIAN LIFE ASSURANCE
DISABILITY CLAIMS
7 HANOVER SQUARE
NEW YORK, NY 10004

*Mabel Perez*

7018 0680 0000 7764 4549

CERTIFIED MAIL

neopost
07/13/2018
ZIP 40
041M12
$007
FIRST-CLASS

**EXHIBIT A**